UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dale Williams Sr.,                                    Civil No. 10-3041 (RHK/FLN)

    Plaintiff,

    v.                                                **REPORT AND RECOMMENDATION**

Cal R. Ludeman and James Arneson,

    Defendants.

_____

Dale Williams Sr., *pro se*.
Cara M. Hawkins for Defendant Cal R. Ludeman.
James R. Andreen for Defendant James Arneson.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendants' motions to dismiss (ECF Nos. 11 and 16). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendants' Motions (ECF Nos. 11 and 16) be granted.

### I.    PLAINTIFF'S ALLEGATIONS

Dale Williams Senior ("Plaintiff") is a patient civilly committed to the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. (ECF No. 8, Am. Compl. ¶ 4.) Plaintiff brought this action against Cal Ludeman, the Commissioner of Human Services, and James Arneson, Supervisor, Polk County Social Services, in their official and individual capacities. Plaintiff brings this action under 28 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff seeks declarative relief, injunctive relief, and compensatory damages.

Plaintiff claims Defendants have violated his rights under the First, Fifth, Eighth, Ninth, and

Fourteenth Amendments of the United States Constitution by preventing him from visiting and having contact with his son. (Am. Compl. ¶¶ 2, 4.) Specifically, Plaintiff alleges that he is being denied his rights by "the decision of Polk County Social Services and their Supervisor (Mr. James Arneson) to permanently revoke and suspend his right to see, visit and contact his own son while civilly committed at MSOP facilities." (Am. Compl. ¶ 13.) Plaintiff states that his son is a "vulnerable adult" who at the age of eighteen "only had the mind of a 3rd or 4th grader." (Am. Compl. ¶ 16.) Plaintiff alleges that Arneson is the "supervisor in charge of [his] son." *Id.* Plaintiff alleges that Arenson "will not allow plaintiff any contact whatsoever with his son." However, Plaintiff also states that he has written to his son "every month" and "sent him money for his birthday." *Id.* He also states that he has received three letters from his son in the past six years. *Id.* Plaintiff asserts that letters from his son "stopped, as soon as [Arneson] made that comment in a letter (that my son should not have contact with a child molester)." *Id.* Plaintiff does not provide any other facts regarding the alleged letter from Arneson. Plaintiff then states that Arneson has "gone beyond [his] job by keeping my letters and whatever I send to him for his Birthday from my son." *Id.*

Plaintiff has not made specific factual allegations with regard to Defendant Ludeman. Plaintiff alleges that "the practices and policies in question" are "excessive" and "consciously motivated by a desire to punish" Plaintiff for being involuntarily civilly committed. (Am. Compl. ¶ 4.) Plaintiff does not identify specific policies or practices that prevent him from seeing or contacting his son. Plaintiff further does not identify Defendant's Ludeman's connection to such policies.

Both Defendants move to dismiss. Defendant Ludeman argues that Plaintiff has failed to

allege sufficient facts to sustain a claim based on supervisory liability. Defendant Ludeman also contends that he is entitled to immunity under the Eleventh Amendment. Defendant Arneson argues that because he has no control over Plaintiff or his son, Plaintiff has failed to show that his actions violated Plaintiff's rights. Defendant Arneson filed an affidavit in support of his motion, and asks that, in the event the Court requires reference to his affidavit, the Court treat his motion as one for summary judgment under Federal Rule of Civil Procedure 56, as allowed under Rule 12(d).

Defendant Arneson states in his affidavit that he is a Social Services Supervisor for Polk County Social Services and that he is familiar with Plaintiff's son, who is a vulnerable adult. (Arneson Aff. ¶¶ 2-3.) In April of 2004, a guardian was appointed to care for Plaintiff's son by the District Court for the State of Minnesota venued in Polk County. (*Id.* at ¶ 3.) Defendant Arneson states that neither he nor Polk County has any right to control Plaintiff's son, as that right rests with the guardian, who is not a Polk County employee. *Id.* Defendant Arneson further states that neither he nor Polk County had anything to do with Plaintiff's civil commitment, nor does he or Polk County have any control or right to control Plaintiff. (*Id.* at ¶ 4.) Defendant Arneson states that while Polk County Social Services has received correspondence from Plaintiff, Polk County has no right to control and does not control whether Plaintiff communicates with his son. (*Id.* at ¶ 5.) Whether mail sent by Plaintiff is passed on to his son is dictated by "the guardian, the District Court, or the State of Minnesota Corrections Department or Probation officer," not by Polk County. *Id.*

Plaintiff filed an affidavit in opposition to Defendant Arneson's motion to dismiss. Plaintiff states that the last day he received a letter from his son was the day Defendant Arneson was served with the Complaint. (Pl. Aff. ¶ 2.) Plaintiff further states that on December 28, 2010, he was informed by the Office of Special Investigations at the Minnesota Sex Offender Program that the

3

number he was using to attempt to call his son had been blocked at the request of the group home in which his son resides. (*Id.* at ¶ 4.) Plaintiff states that he believes "the people who are involved in taking care of my son (including Defendant Arneson, as he is the supervisor)" are "dictating what my son does" and controlling his son's ability to write to Plaintiff. (*Id.* at ¶ 6.) Plaintiff further states that without the influence from the people at the group home, "including Defendant Arneson," his son would not have requested that the phone be blocked. (*Id.* at ¶¶ 4, 7.)

## II.     DISCUSSION

A.     **Defendant Ludeman's Motion to Dismiss Should be Granted**

   1.     **Motion to Dismiss Standard**

Defendant Ludeman moves to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir.2002).

Under Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff must set forth in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has determined that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief about the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (internal citations omitted).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir.1981).

> **2.    Plaintiff's damages claims against Defendant Ludeman in his official capacity are barred by the Eleventh Amendment.**

Plaintiff is suing Defendant Ludeman in both his official and individual capacities. To the extent Plaintiffs' Complaint asserts claims under 42 U.S.C. § 1983 against Defendant Ludeman for actions taken in his official capacity, the claims must be dismissed with prejudice. A lawsuit "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "[a]s such is no different from a suit against the state itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985). A suit by a private party seeking to recover damages to be paid by the state is

barred by the Eleventh Amendment absent the state's consent to the suit. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). The State of Minnesota has not waived its immunity and consented to be sued in this case. To the extent that Plaintiff seeks damages for actions taken by Defendant Ludeman in his official capacity, those claims are barred by the Eleventh Amendment. It is recommended that those claims be dismissed with prejudice.

### 3. Plaintiff fails to state a claim upon which relief can be granted against defendant Ludeman

Defendant Ludeman further argues that the claims against him should be dismissed because Plaintiff does not allege specific conduct on the part of Defendant Ludeman that prevented Plaintiff from having contact with his son. Plaintiff argues that his claims against Defendant Ludeman are based on Defendant Ludeman's supervisory position over Defendant Arneson and the Polk County Department of Social Services. (ECF No. 25, Pl.'s Resp. to Def. Ludeman's Mot. to Dismiss at 4.) Even with such a generous construction of the allegations in Plaintiff's Complaint, the Court finds that Plaintiff has failed to state a claim against Defendant Ludeman.

An official cannot be held vicariously liable for the acts of his subordinates under the doctrine of respondeat superior, unless he was personally involved in or participated in the unconstitutional acts. *Rizzo v. Goode*, 423 U.S. 362, 371, 376-77 (1976); *Tallman v. Regan*, 846 F.2d 494, 495 (8th Cir.1988). Defendants are liable for their personal acts only. The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995). Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir.1986); see also *Ouzts v. Cummins*, 825 F.2d 1276 (8th Cir.1987) (one cannot be held liable for another's act simply because he or she

supervises one who allegedly deprived plaintiff a constitutional right). Unless plaintiff pleads an "affirmative link" between the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise," dismissal is appropriate. *Bellecourt v. United States*, 784 F.Supp. 623, 633 (D.Minn.1992) (quoting *McKay v. Hammock*, 730 F.2d 1367, 1374 (10th Cir.1984)); see also *Buford v. Runyon*, 160 F.3d 1199, 1203, n. 7 (8th Cir.1998).

Plaintiff has made bare allegations against Defendant Ludeman by virtue of his supervisory position, but he fails to state with specificity how Defendant Ludeman was personally involved or participated in the alleged prohibition of contact between Plaintiff and his son. Plaintiff has not alleged that Defendant made decisions regarding restrictions of contact between Plaintiff and his son. Plaintiff alleges that Defendant Ludeman had supervisory capacity over the decisions of Defendant Arneson, but Plaintiff has not alleged that Defendant Ludeman was even aware of any alleged restrictions imposed by Defendant Arneson. Nor has Plaintiff alleged that Defendant Ludeman, in his supervisory capacity, maintained discriminatory policies, or failed to provide adequate instruction or supervision in a fashion that could link him to a deprivation of Plaintiff's constitutional rights. Accordingly, it is recommended that Plaintiffs' claims against Defendant Ludeman be dismissed with prejudice because Plaintiff fails to allege any personal involvement by Defendants in the purported constitutional violations.

**B.     Defendant Arneson's Motion for Summary Judgment Should be Granted**

   **1.     Summary Judgment Standard**

If additional documents outside the pleadings are necessary for the Court's decision and are provided by the parties, the Court may convert a motion to dismiss under Rule 12(b)(6) into one for Summary Judgment. Fed. R. Civ. P. 12(d). Rule 12(d) requires that when the court treats a motion

to dismiss as a motion for summary judgment, the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Eighth Circuit has held that "parties have constructive notice that the court will treat the motion as one for summary judgment when the moving party states that it is moving for summary judgment and the parties submit and refer to material outside of the complaint." *Riehm v. Engelking*, 538 F.3d 952, 962 n. 5 (8th Cir. 2008).

Here, Defendant Arneson states in his motion, "in the event additional documents are necessary to bring this motion, Defendant will request the Court convert the motion to one for summary judgment under Fed. R. Civ. P. 56." (ECF No. 16, Mot. to Dismiss.) Arneson submitted an affidavit in support of his motion, and refers to the affidavit in his memorandum in support of the motion. Plaintiff also filed two affidavits in opposition to Defendants' motions. (ECF Nos. 29 and 34.) The Court finds that the parties had constructive notice, and will treat Defendant Arneson's motion as one for summary judgment.

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

    **2.    Defendant Arneson is entitled to judgment as a matter of law.**

Defendant Arneson argues that Plaintiff has failed to show that he violated Plaintiffs rights,

because he has no control over Plaintiff or Plaintiff's son. In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendant Arneson's actions "amounted to a violation of a right . . . protected by the Constitution or laws of the United States." *Reed v. Woodruff County, Ark.*, 7 F. 3d 808, 810 (8th Cir. 1993). Plaintiff alleges that Defendant Arneson exercised control over Plaintiff's son and prevented contact between Plaintiff and his son. However, a guardian was appointed to care for Plaintiff's son in April of 2004, and since that time, Polk County Social Services has exercised no control over Plaintiff's son. (Arneson Aff. ¶ 3.) To the extent that Plaintiff claims under 42 U.S.C. § 1983 that Defendant Arneson violated Plaintiff's rights prior to 2004, that claim is barred by a six-year statute of limitations. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618 n. 3 (8th Cir. 1995) ("In Minnesota, § 1983 claims are governed by the six-year limitations period of Minnesota's personal-injury statute, Minn. Stat. § 541.05, subd. 1(5)."). Defendant Arneson also has no control over the visitation and communication policies applied to Plaintiff while civilly committed to the MSOP. (Arneson Aff. ¶ 4, 5.)

Plaintiff states that based on a lack of communication from his son it "seems to [him]" and he "feels" that those taking care of his son, including Defendant Arneson, have prevented his son from writing and have blocked the number Plaintiff used to call his son. (ECF No. 34 at ¶¶ 4, 6.) Plaintiff states that because Mr. Arneson "is a person who handles and deals with vulnerable adults," he would "still have some say and control over my son." (ECF No. 29 at ¶ 9.) However, Plaintiff does not point to any evidence beyond his own speculation that Defendant Arneson has any control over his son. This is insufficient to create an issue of material fact and defeat Defendant Arneson's motion for summary judgment. *See Smith v. International Paper Company*, 523 F.3d 845, 848 (8th Cir. 2008) (plaintiff may not raise genuine issue of material fact by merely pointing to unsupported

self-serving allegations); *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986) (a non-moving party must demonstrate the existence of specific facts that create a genuine issue for trial and may not rest on allegations or denials).  The record indicates that Defendant Arneson lacks the power to commit any of the acts alleged by Plaintiff.  Because there is no evidence in the record of any actions taken by Defendant Arneson that violated Plaintiff's constitutional rights, Defendant Arneson is entitled to judgment as a matter of law.  Defendant Arneson's motion for summary judgment should be granted.

### III.    RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Defendant Cal R. Ludeman, Commissioner of Social Services' Motion to Dismiss (ECF No. 11) be **GRANTED**;

2) Defendant James Arneson's Motion to Dismiss (ECF No. 16) be treated as a motion for summary judgment and be **GRANTED**;

3) This matter be **DISMISSED with prejudice**; and

4) **JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: May 25, 2011                               s/ *Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 8, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.